# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRUCE BROWN, | **Case No. 1:17-cv-01285-AWI-EPG** |
| Plaintiff, | **ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL, AND GRANTING REQUEST FOR FORMS** |
| v. | (ECF No. 6) |
| JOHNSON & JOHNSON, | |
| Defendant. | |

Bruce Brown ("Plaintiff") is proceeding *pro se* with this products liability action. This action was removed from Sacramento Superior Court on September 12, 2017. (ECF No. 1.) Now before the Court is Plaintiff's motion for appointment of counsel and request for a consent to proceed before a magistrate judge form and consent to trial by a magistrate judge form. (ECF No. 6.)

Pursuant to 28 U.S.C. § 1915(e)(1), the Court may appoint counsel to an indigent party in a civil case. However, the appointment of counsel is not a constitutional right, and the Court cannot require an attorney to represent a party. *See Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn in part on other grounds*, 154 F.3d 952 (9th Cir. 1998); *Mallard v. United*

*States District Court for the Southern District of Iowa*, 490 U.S. 296, 298 (1989). Without a reasonable method of securing and compensating counsel, the Court will seek the voluntary assistance of counsel only in the most serious and exceptional circumstances. *Rand*, 113 F.3d at 1525. In determining whether exceptional circumstances exist, "a district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Id.* (internal quotation marks and citations omitted).

The Court declines to appoint counsel at this time. First, Plaintiff is not proceeding *in forma pauperis* in this action pursuant to 28 U.S.C. § 1915, and has not provided an affidavit as to his indigency. *See United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (holding that to obtain appointment of counsel under section 1915, parties must demonstrate their indigency). Second, the Court has reviewed the record in this case, and at this time cannot make a determination that Plaintiff is likely to succeed on the merits of his claims. While, Plaintiff states that he is fearful that he will be tricked or misled by defense counsel, or make a mistake that will get his case, (ECF No. 7), he has failed to show that he is unable to "articulate his claims against the relative complexity of the matter." *Rand*, 113 F.3d at 1525. Thus, the exceptional circumstances which might require the appointment of counsel do not exist.

Nevertheless, Plaintiff is not precluded from renewing his motion for appointment of counsel at a later stage of the proceedings.

For the foregoing reasons, IT IS ORDERED that:
1. Plaintiff's motion for appointment of counsel is DENIED without prejudice.
2. The clerk is directed to send Plaintiff a "Consent to / Decline of Jurisdiction of United States Magistrate Judge" Form.

IT IS SO ORDERED.

Dated: **October 30, 2017**        /s/ Erin P. Gro[...]
UNITED STATES MAGISTRATE JUDGE