UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRUCE BROWN,<br><br>    Plaintiff,<br><br>v.<br><br>JOHNSON & JOHNSON, INC.,<br><br>    Defendant. | Case No. 1:17-cv-01285-AWI-EPG<br><br>**ORDER DENYING MOTIONS FOR APPOINTMENT OF COUNSEL, APPOINTMENT OF AN INVESTIGATOR OR RESEARCHER, AND FOR PRODUCTION OF DEPOSITION TRANSCRIPTS**<br><br>(ECF Nos. 25, 26, 35) |

### I. BACKGROUND

On June 26, 2017, Bruce Brown ("Plaintiff"), proceeding *pro se*, commenced this action against Johnson & Johnson, Inc. ("Defendant") by filing a Complaint in Superior Court of California, Sacramento County. (ECF No. 1). Plaintiff alleges that he was injured by Risperdal. *Id.* at 12. On September 12, 2017, Defendant removed the action to the United States District Court for the Eastern District of California, Sacramento Division, and on September 27, 2017, the action was transferred to the Fresno Division. (ECF No. 1, 5).

Plaintiff is a prisoner in the custody of California Department of Corrections and Rehabilitation at California Substance Abuse Treatment Facility and State Prison, Corcoran ("SATF"). On September 28, 2017, Plaintiff filed a motion for the appointment of counsel. (ECF No. 6). Plaintiff stated that he feared he may be tricked or misled by defense counsel or may make a mistake that will cause his case to be dismissed. *Id.* On October 31, 2017, the Court

declined to appoint counsel, explaining that Plaintiff is not proceeding pursuant 28 U.S.C. § 1915, which permits a court to appoint pro bono counsel for indigent litigants. *Id.* The Court also concluded that the matter did not present an exceptional circumstance requiring the appointment of counsel because the Court was unable to determine Plaintiff's likelihood of success on the merits of his claim and Plaintiff has thus far articulated his claim against the relative complexity of the legal issues in the matter.

On December 14, 2017, the Court held an initial scheduling conference. (ECF No. 19). The Court issued a Scheduling Conference Order on December 27, 2017. (ECF No. 20). The order granted the parties leave to serve discovery requests pursuant to Federal Rule of Civil Procedure 5 and Local Rule 135, and provided:

> "Pursuant to Federal Rule of Civil Procedure 30(a)(2)(B), Defendant(s) may depose Plaintiff and any other witness, if at least fourteen (14) days before such a deposition, Defendant(s) serve all parties with the notice required by Federal Rule of Civil Procedure 30(b)(1). Plaintiff's failure to participate in a properly noticed deposition could result in sanctions against Plaintiff, including monetary sanctions and/or dismissal of this case."

*Id.* at 4-5.

On May 9, 2018, the Court held a Mid-Discovery Status Conference. (ECF No. 24). At the conference, the parties discussed records Defendant obtained from third-parties by way of Plaintiff's authorization. The Court ordered Defendant to provide Plaintiff with copies of documents Defendant obtained through this third-party discovery by no later than May 16, 2018. *Id.* The Court also asked, "Mr. Brown do you want to have your medical records be confidential in any way?" Plaintiff responded, "No, I am confident that Risperdal is the source of my problems so I release everything, I signed off on everything they've asked me to sign off on. I don't need anything to be protected, hidden. They can talk to anyone they want to talk to." *Id.*

On July 2, 2018, Plaintiff filed a second motion for appointment of counsel. (ECF No. 25.) Plaintiff argues that the Court should appoint counsel to represent him because he was ambushed by defense counsel for an unscheduled deposition. *Id.* He was bullied out of his discovery, footnotes, and family information, and he fears that he has hurt his case by exposing his defenses to defense counsel. *Id.* Plaintiff further states that justice will not be served, and he

does not feel that he can prevail against defense counsel, who are "savvy, tactical, crafty, seasoned, and cutthroat lawyers." *Id.* On July 20, 2018, Defendant filed its opposition to the motion. (ECF No. 30).

On July 2, 2018, Plaintiff also filed a motion for sanctions, appointment of counsel, and appointment of a researcher or investigator, and objections to discovery.[1] (ECF No. 26). Plaintiff inquires as to the availability of funds to appoint an investigator or researcher. *Id.* On July 23, 2018, Defendant filed its opposition to the motion.

On October 11, 2018, Plaintiff filed a "Motion to Advise." (ECF No. 35). Plaintiff contends that Defendant has not provided him with transcripts of the depositions of his health care providers and has told him that he must pay for the transcripts. *Id.* Plaintiff argues that Defendant is required to send him all discovery and that he should not have to pay for the transcripts as he is indigent. *Id.*

On October 29, 2018, the Court held a Telephonic Discovery Status Conference at which the Court addressed the pending motions. (ECF No. 41). As discussed on the record at the conference, and as set forth in further detail below, Plaintiff's motion to appoint counsel, (ECF No. 25), motion for funds to hire an investigator or researcher, (ECF No. 26), and motion to compel production of the deposition transcripts, (ECF No. 35), are denied.

**II.    DISCUSSION**

**A. Appointment of Counsel and Investigator or Researcher**

"'The expenditure of public funds [on behalf of an indigent litigant] is proper only when authorized by Congress ....'" *Tedder v. Odel*, 890 F.2d 210, 211–12 (9th Cir. 1989) (quoting *United States v. MacCollum*, 426 U.S. 317, 321, 96 S.Ct. 2086, 48 L.Ed.2d 666 (1976)). Pursuant to 28 U.S.C. § 1915, a litigant may proceed without the prepayment of any filing fees upon a showing of indigency, and the Court "may direct payment by the United States of the expenses of (1) printing the record on appeal in any civil or criminal case, if such printing is required by the appellate court; (2) preparing a transcript of proceedings before a United States magistrate judge

---

[1] The Court addressed Plaintiff's motion for sanctions and objections to discovery at the conference on October 29, 2018, and has issued a minute order regarding its ruling.

| | |
|---|---|
| 1 | in any civil or criminal case, if such transcript is required by the district court, in the case of |
| 2 | proceedings conducted under section 636(b) of this title or under section 3401(b) of title 18, |
| 3 | United States Code; and (3) printing the record on appeal if such printing is required by the |
| 4 | appellate court, in the case of proceedings conducted pursuant to section 636(c) of this title." 28 |
| 5 | U.S.C. § 1915(c). The statute does not authorize the Court to expend public funds to appoint an |
| 6 | investigator or researcher. |
| 7 | The Court may also request an attorney to represent any person unable to afford counsel. |
| 8 | 28 U.S.C. § 1915(e)(1). However, the appointment of counsel is not a constitutional right, and the |
| 9 | Court cannot require an attorney to represent a party. *See Rand v. Rowland*, 113 F.3d 1520, 1525 |
| 10 | (9th Cir. 1997), *withdrawn in part on other grounds*, 154 F.3d 952 (9th Cir. 1998); *Mallard v.* |
| 11 | *United States District Court for the Southern District of Iowa*, 490 U.S. 296, 298 (1989). |
| 12 | Without a reasonable method of securing and compensating counsel, the Court will seek the |
| 13 | voluntary assistance of counsel only in the most serious and exceptional circumstances. *Rand*, |
| 14 | 113 F.3d at 1525. In determining whether exceptional circumstances exist, "a district court must |
| 15 | evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate |
| 16 | his claims pro se in light of the complexity of the legal issues involved." *Id.* (internal quotation |
| 17 | marks and citations omitted). |
| 18 | Section 1915 does not authorize the Court to expend public funds to appoint an |
| 19 | investigator or researcher. Thus, the Court is without authority to appoint an investigator or |
| 20 | researcher to assist Plaintiff. |
| 21 | The Court is also without authority to appoint pro bono counsel to represent Plaintiff. |
| 22 | Plaintiff is not proceeding and has not requested to proceed *in forma pauperis* pursuant to 28 |
| 23 | U.S.C. § 1915. The Court cannot expend public funds as set forth in 28 U.S.C. § 1915, including |
| 24 | appointing counsel, until Plaintiff demonstrates his indigency. *See United States v. McQuade*, 647 |
| 25 | F.2d 938, 940 (9th Cir. 1981) (holding that to obtain appointment of counsel under section 1915, |
| 26 | parties must demonstrate their indigency). |
| 27 | In any event, Plaintiff's inexperience with the practice of law is not an exceptional |
| 28 | circumstance requiring the appointment of counsel. The majority of *pro se* litigants proceeding in |

this court are novice in the practice of law. Plaintiff has been able to articulate his claims *in propria persona* considering the complexity of the legal issues involved in this action. Furthermore, the Court has reviewed the record in this case and cannot determine that Plaintiff is likely to succeed on the merits of his claim. Accordingly, Plaintiff's motions for the appointment of counsel and motion for funds to hire an investigator or researcher are denied. Plaintiff is not precluded from renewing his motion for appointment of counsel at a later stage of the proceedings in this action.

### B. Deposition Transcript

A defendant is not required to provide the plaintiff with a copy of deposition transcripts. *See Boston v. Garcia*, 2013 WL 1165062 at *2 (E.D. Cal. Mar. 20, 2013) (denying plaintiff's request that the court order defendants to provide him with a copy of his deposition transcript). Moreover, the plaintiff cannot obtain a copy of deposition transcripts free of charge through a request for production. *See Joseph v. Parciasepe*, No. 214CV0414GEBACP, 2016 WL 2743448, at *4 (E.D. Cal. May 11, 2016) (denying motion to compel production of a free copy of a deposition transcript). Furthermore, the expenditure of public funds for deposition transcripts on behalf of an indigent litigant is not authorized by the *in forma pauperis* statute. *See* 28 U.S.C. § 1915. A plaintiff must obtain deposition transcripts from the officer before whom the deposition was taken. *See Claiborne v. Battery*, No. CIV S–06–2919 FCD EFB, 2009 WL 530352 at *3 (E.D. Cal. Mar. 3, 2009) (denying plaintiff's request for a court order directing the defendant to provide him with a copy of his deposition transcript); *Brown v. Castillo*, No. CV F–02–6018 AWI DLB, 2006 WL 1408452 at *1 (E.D. Cal. May 22, 2006) (same).

Plaintiff cannot obtain transcripts of the depositions through discovery. Although Plaintiff is proceeding *pro se* in this action, he must obtain the deposition transcripts from the officer before whom the deposition was taken, and pay any fee for obtaining such transcript.

In any event, it appears that Defendant has provided Plaintiff with the transcripts from the depositions of Plaintiff's health care providers. (ECF No. 36). Accordingly, Plaintiff's motion to compel production of deposition transcripts is denied as moot.

\\\

### III. CONCLUSION

Based on the foregoing, Plaintiff's motion to appoint counsel, (ECF No. 25), motion for funds to hire an investigator or researcher, (ECF No. 26), and motion to compel production of deposition transcripts, (ECF No. 35), are denied.

IT IS SO ORDERED.

Dated: **October 30, 2018**

/s/ *Eric P. Groig*
UNITED STATES MAGISTRATE JUDGE