UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRUCE BROWN,<br><br>    Plaintiff,<br><br>  v.<br><br>JOHNSON & JOHNSON, INC..,<br><br>    Defendant. | Case No. 1:17-cv-01285-AWI-EPG<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF PRO BONO COUNSEL WITHOUT PREJUDICE<br><br>(ECF NO. 63) |

Bruce Brown ("Plaintiff") is a state prisoner proceeding *pro se* with this products liability action. Pending before the Court is Plaintiff's third motion for the appointment of pro bono counsel. The Court will deny the motion because Plaintiff has not properly shown his indigent status or the presence of exceptional circumstances necessary for the appointment of counsel.

**I. BACKGROUND**

On September 28, 2017, Plaintiff filed a motion for appointment of counsel. (ECF No. 6.) Plaintiff stated that he feared he may be tricked or misled by defense counsel or may make a mistake that will cause his case to be dismissed. (Id.) On October 31, 2017, the Court declined to appoint counsel, explaining that Plaintiff is not proceeding pursuant to 28 U.S.C. § 1915, which permits a court to appoint pro bono counsel for indigent litigants. (Id.) The Court also concluded

1

that the matter did not present the exceptional circumstances necessary for the appointment of counsel.

On July 2, 2018, Plaintiff filed a second motion for appointment of counsel. (ECF No. 25.) Plaintiff argued that the Court should appoint counsel to represent him because he was ambushed by defense counsel for an unscheduled deposition. (Id.) He further argued that he was bullied out of his discovery, and he feared that he had hurt his case by exposing his strategy to defense counsel. The Court denied Plaintiff's second motion for appointment of counsel because Plaintiff had not demonstrated his indigency as necessary for the appointment of counsel under 28 U.S.C. § 1915. (ECF No. 45.) The Court also found that, even assuming Plaintiff had properly established his indigent status, appointment of counsel was inappropriate because Plaintiff failed to show exceptional circumstances. (Id.) However, the Court did order that no party could use Plaintiff's improperly-noticed June 13, 2018, deposition for any reason.

Now pending before the Court is Plaintiff's third motion for appointment of counsel. (ECF No. 63.) Plaintiff contends that appointment of pro bono counsel is necessary because he lacks knowledge of the law and legal proceedings, including what papers to file, how to write them, or how to file them, and because he has only limited access to the prison law library and other materials that are necessary to facilitate proper legal education and research due to "work assignment hours" and "unscheduled closures of the facility Law Library." (Id. at 4.) Plaintiff's motion includes a declaration under penalty of perjury, which states that he is "wholly without sufficiency of [sic] funds with which I might pursue the judicial challenges in the attached documents…" (Id.)

**II.     DISCUSSION**

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), withdrawn in part on other grounds, 154 F.3d 952 (9th Cir. 1998), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1), Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the Court may request

the voluntary assistance of counsel pursuant to section 1915(e)(1). <u>Rand</u>, 113 F.3d at 1525. Without a reasonable method of securing and compensating counsel, the Court will seek the voluntary assistance of counsel only in the most serious and exceptional circumstances. <u>Id</u>. In determining whether exceptional circumstances exist, a "district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the legal issues involved." <u>Id.</u> (internal quotation marks and citations omitted).

The Court will not order appointment of pro bono counsel at this time. While Plaintiff has submitted a declaration generally stating that he is unable to afford an attorney, he has not requested to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, which requires an affidavit setting forth "all assets such prisoner possesses that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915 (a)(1); <u>see</u> <u>also</u> <u>U.S. v. McQuade</u>, 647 F.2d 938, 940 (9th Cir. 1981) ("When a claim of poverty is made under section 1915 'it is proper and indeed essential for the supporting affidavits to state the facts as to the affiant's poverty with some particularity, definiteness and certainty.'") (quoting <u>Jefferson v. United States</u>, 277 F.2d 723, 725 (9th Cir. 1960)). The Court also notes that this is the first time Plaintiff has expressed an inability to afford counsel. Plaintiff previously indicated that he was looking for counsel, but that counsel "didn't really wanna take on the case" because of his incarceration.[1] Accordingly, Plaintiff has not satisfied the standard for *in forma pauperis* required before this Court may appoint counsel under 28 U.S.C. § 1915.

Even if Plaintiff was properly proceeding under 28 U.S.C. § 1915, the exceptional circumstances necessary for the appointment of counsel are not present here. Plaintiff's inexperience with the practice of law is not an exceptional circumstance requiring the appointment of counsel. The majority of *pro se* litigants proceeding in this Court are novice in the practice of law. Moreover, the Court finds that Plaintiff can "articulate his claims pro se in light of the legal issues involved." <u>Rand</u>, 113 F.3d at 1525. Furthermore, this Court has taken measures to ensure that Plaintiff understands the process and has access to the most relevant documents as

---

[1] This quotation is taken from the audio file of the December 14, 2017, Initial Scheduling Conference. A recording of this, and all other hearings, is available to the parties upon request.

identified by the parties. See e.g, (ECF No. 19) (reflecting telephonic scheduling conference where relevant dates were set and explained); (ECF No. 20) (Scheduling Order containing pretrial and trial dates and discovery requirements pursuant to the Federal Rules of Civil Procedure and Local Rules); (ECF No. 22) (holding telephonic mid-discovery status conference to discuss status of case and pending issues); (ECF No. 24) (Order directing Defendant to send Plaintiff copies of documents it obtained through third-party discovery); (ECF No. 54) (Order directing Clerk of Court to send copies of pertinent Local Rules to Plaintiff.).

Further, the Court has reviewed the record in this case and cannot determine at this juncture that Plaintiff is likely to succeed on the merits of his claim.

Finally, as to Plaintiff's claim of limited access to the prison law library, Plaintiff has not shown that he lacks reasonable access to a law library or other means of conducting legal research, or that he is subjected to burdens beyond those ordinarily experienced by *pro se* plaintiffs. Plaintiff describes unscheduled law library closures and atypical work assignment hours, but he does not address how often the unscheduled closures have occurred or how the work assignment hours impact his ability to conduct legal research. See Kent v. U.C. Davis Med. Ctr., No. 2:15-cv-1924 WBS AC P, 2016 WL 4208572 at *1 (E.D. Cal. Aug. 10, 2016) ("Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel."). The court also notes that it has granted Plaintiff a forty-five-day extension of time in which to oppose Defendant's Motion for Summary Judgment. (ECF No. 61.) In the absence of more specific information regarding the unscheduled closures and work assignment hours, the Court refuses to find that Plaintiff is unreasonably restricted from conducting legal research.

Accordingly, Plaintiff's motion for the appointment of counsel is denied. Plaintiff is not precluded from renewing his motion for appointment of counsel at a later stage of the proceedings in this action.

\\\

\\\

For the foregoing reasons, IT IS ORDERED that Plaintiff's motion for appointment of pro bono counsel is DENIED without prejudice.

IT IS SO ORDERED.

Dated: **April 15, 2019**          /s/ Eric P. Groji
UNITED STATES MAGISTRATE JUDGE