UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRUCE BROWN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JOHNSON & JOHNSON, INC.<br><br>　　　　　Defendant. | Case No. 1:17-cv-01285-AWI-EPG<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS<br><br>(ECF Nos. 58, 73) |

　　　　Plaintiff Bruce Brown, a *pro se* state prisoner, filed this products liability suit against Defendant Johnson & Johnson ("Defendant") under California law on June 26, 2017. Defendant removed the suit to this Court on September 12, 2017. Doc. No. 1. Generally, Plaintiff asserts that Defendant failed to adequately warn that its product, the pharmaceutical drug Risperdal, could cause gynecomastia and tardive dyskinesia.

　　　　On February 28, 2019, Defendant filed a motion for summary judgment seeking dismissal of Plaintiff's claims, with prejudice. Doc. No. 58. Plaintiff filed an opposition to the motion on May 6, 2019. (ECF Nos. 65, 66.) Defendant filed a reply on May 20, 2019. Doc. No. 68. On June 24, 2019, Magistrate Judge Erica Grosjean entered findings and recommendations ("F&R") in which she recommended that "(1) Defendant's Motion for Summary Judgment (ECF No. 58) be granted due to Plaintiff's inability to raise a genuine issue of material fact as to specific causation or, alternatively, due to Plaintiff's inability to raise a genuine issue of material fact as to whether any deficiency in the Risperdal warning caused or contributed to his alleged injuries; and (2) The Clerk of Court be directed to close this case." Doc. No. 73 at 16.

　　　　On July 24, 2019, Plaintiff filed objections to the findings and recommendations. Doc. No. 74. Defendant filed a response to Plaintiff's objections on August 8, 2019. Doc. No. 75.

　　　　In accordance with the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 304, this

Court has conducted a *de novo* review of this matter. Having carefully reviewed the entire file, the Court finds the findings and recommendations to be supported by the record and proper analysis. As the F&R noted, expert testimony was necessary to establish causation in this case because the causation issue is beyond common experience. See Doc. No. 73 at 8 (citing Stephen v. Ford Motor Co., 134 Cal.App.4th 1363, 1373 (2005)); see also Garbell v. Conejo Hardwoods, Inc., 193 Cal.App.4t h 1563, 1569 (2011). In Plaintiff's objections, he states that he is trying to find an expert who will accept a payment plan from his family and that he will be looking for an expert to give testimony to the effect that it is well known that Risperdal causes Gynecomastia. Doc. No. 74 at 2, 4. These objections are an admission that Plaintiff has no expert and can provide no expert testimony to establish causation. The deadline to designate an expert witness expired on July 5, 2019 (following a number of extensions of the original expert designation deadline). See Doc. No. 57. Because the deadline for designating an expert witness has passed, and Plaintiff does not have an expert witness who can testify regarding causation, Plaintiff cannot establish causation as a matter of law. Therefore, Plaintiff's objections are overruled.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations (Doc. No. 73) are ADOPTED in full;
2. Defendant's Motion for Summary Judgment is GRANTED (Doc. No. 58);
3. The jury trial date and all pending matters relating to this case are VACATED; and
4. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated: August 21, 2019

_____
SENIOR DISTRICT JUDGE